| | | |
|---|---|---|
| **STATE OF MINNESOTA** | | **DISTRICT COURT** |
| **County of Hennepin** | Judicial District: | Fourth (Hennepin) |
| | Case Type: | Civil Other/Misc. |

Daniel J. Grega
Plaintiff

vs.                                                    **SUMMONS**

Gurstel Chargo P.A., NRS Capital LLC,
Corbin C. Smith and Andrew Wold
Defendants

    1. **YOU ARE BEING SUED**. The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this summons.

    2. **YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS**. You must give or mail to the person who signed this summons **a written response** called an Answer within 20 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this summons located at:

    619 South Tenth Street
    Suite 301
    Minneapolis, MN 55404

    3. **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

    4. **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the complaint. If you do not want to contest the claims stated in the complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the complaint.

8

     **5. LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

     **6. ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

Dated: March 10, 2016          Respectfully Submitted,

                                      MADGETT & PETERSON, LLC

                                      By:_____
                                      Ryan D. Peterson (#0389607)
                                      David J.S. Madgett (#03900494)
                                      619 South Tenth Street
                                      Suite 301
                                      Minneapolis, MN 55404
                                      (612) 367-6568
                                      rpeterson@madgettlaw.com
                                      dmadgett@madgettlaw.com

                                      ATTORNEYS FOR PLAINTIFF

| | | |
|---|---|---|
| **STATE OF MINNESOTA** | | **DISTRICT COURT** |
| **County of Hennepin** | Judicial District: | Fourth (Hennepin) |
| | Case Type: | Civil Other/Misc. |

---

Daniel J. Grega
Plaintiff

vs.                                                          **COMPLAINT**

Gurstel Chargo P.A., NRS Capital LLC, Corbin C. Smith and Andrew Wold
Defendants

---

PLAINTIFF, as and for his cause of action (i.e., violation of the Fair Debt Collection Practices Act) against the above-named defendants, states and alleges as follows:

### Introduction

1.  The following case alleges an extraordinary lack of diligence and competence on the part of Defendants, which ultimately resulted in a violation of the Fair Debt Collection Practices Act against Plaintiff. After failing to prosecute a state district court lawsuit brought against Plaintiff for several years, Defendants were forced to dismiss said lawsuit. Once the statute of limitations on the alleged debt owed by Plaintiff had lapsed, Defendants once more sued Plaintiff. Rather than dismiss this second lawsuit once the statute of limitations issue was brought to their attention, Defendants forced Plaintiff to attend a conciliation court hearing where the referee ruled in Plaintiff's favor. As a result, Plaintiff brings this action.

1

## Statement of Jurisdiction

2. This Court has Jurisdiction over the subject matter of this action pursuant to Minn. Stat. §484.01 and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d).

## Venue

3. Venue is proper pursuant to Minn. Stat. §542.09 because the cause of action arose within the State of Minnesota and the County of Hennepin.

## Parties

4. Plaintiff Daniel J. Grega is an adult resident of Hennepin County, Minnesota.

5. Defendant Gurstel Chargo, P.A. (hereinafter "Gurstel") is a domestic professional corporation registered to conduct business in the state of Minnesota. At all times relevant to this Complaint, Gurstel was an agent acting on behalf of NRS Capital LLC.

6. Defendant NRS Capital LLC (hereinafter "NRS") is a domestic limited liability company registered to conduct business in the state of Minnesota.

7. Defendant Corbin C. Smith is a natural person and an attorney licensed to practice law in the state of Minnesota. At all times relevant to this Complaint, Ms. Smith was acting as an agent of Defendants Gurstel and NRS.

8. Defendant Andrew Wold is a natural person and an attorney licensed to practice law in the state of Minnesota. At all times relevant to this Complaint, Mr. Wold was acting as of Defendants Gurstel and NRS.

9. Plaintiff is informed and believes, and thereon alleges, that at all times relevant Defendants conducted business in the State of Minnesota and in the County of Hennepin.

## Facts

2

10.  Plaintiff is, and at all times mentioned herein was, a "consumer" as defined by 15 U.S.C. §1692a(3).

11.  Defendants are, and at all times mentioned herein were, a "debt collectors" as defined by 15 U.S.C. §1692a(6).

12.  The debt allegedly owed by Plaintiff is a "debt" as defined by 15 U.S.C. §1692a(5).

13.  Sometime prior to the filing of this Complaint, Plaintiff allegedly incurred a credit card debt ("Account") with Citibank, N.A. ("Citibank").

14.  Upon information and belief, the last payment made on the Account was February 19, 2009.

15.  Upon information and belief, the Account was sold and assigned multiple times until it was purchased by Defendant NRS.

16.  Upon information and belief, the Account was placed and assigned with Defendant Gurstel for the purpose of collection.

17.  On or about March 28, 2012, Defendant Gurstel attempted to initiate a lawsuit on behalf of NRS against Plaintiff for the Account by leaving a state district court summons and complaint on Plaintiff's doorstep rather than properly serving Plaintiff.

18.  On or about April 5, 2012, Plaintiff served NRS with a *pro se* answer pleading various defenses including that the lawsuit was improperly served.

19.  Rather than address the service issue or otherwise prosecute their case, NRS and Gurstel took almost no action for about a period of more than two years.

20.  Finally, on June 23, 2014, eight days before the suit would have been dismissed under the newly amended Minnesota Rules of Civil Procedure, Defendants filed the case with Hennepin County District Court where it was assigned case no. 27-CV-14-10389.

3

21. Once more, Defendants did almost nothing to move their case forward and let the lawsuit sit for a year without taking any discovery or serving any motions.

22. Finally, in July of 2015 and on the eve of trial, Defendants agreed to dismiss their claim without prejudice.

23. Because the last payment on the Account was made in February of 2009, any further action on the Account was time-barred.

24. Nonetheless, on or about September 25, 2015, Defendant Corbin Smith filed a Statement of Claim and Summons with the Hennepin County Conciliation Court in order to collect on the Account. Said lawsuit was assigned case number 27-CO-15-6657.

25. By serving a lawsuit past the statute of limitations, Defendants violated numerous provisions of the FDCPA, including 15 U.S.C. §§1692e(2)(A), 1692e(5), 1692e(10), and 1692f(1).

26. Subsequent to the filing and service of the second lawsuit, the undersigned counsel engaged in a series of conversations with Defendant Andrew Wold in which the undersigned notified Mr. Wold that the statute of limitations had expired on the Account.

27. Mr. Wold claimed that Plaintiff made a payment on the Account in 2010.

28. When the undersigned asked for proof of this payment, Mr. Wold was unable to produce any and instead asked whether Plaintiff would like to settle the Account.

29. In December of 2015, the undersigned counsel again spoke with Mr. Wold regarding the conciliation court lawsuit, at which point, Mr. Wold informed the undersigned that a subpoena had been served on Citibank to obtain record of the alleged 2010 payment.

4

30. When the undersigned inquired as to why he had not been served a copy of the subpoena as required by the Minnesota Rules of Civil Procedure, Mr. Wold backtracked and claimed that the subpoena had been prepared but not yet served.

31. Upon information and belief, the subpoena was never served upon Citibank nor was there any intention to serve the subpoena upon Citibank.

32. By claiming they would take action they had no intention of taking, Defendants violated 15 U.S.C. §§1692e(5) and 1692e(10).

33. Despite multiple entreaties from the undersigned counsel to dismiss NRS's case, Mr. Wold forced Plaintiff to appear in conciliation court for a contested hearing on January 20, 2016.

34. At said hearing, Mr. Wold produced an unsupported and unverified redacted spreadsheet that he claimed showed evidence of a 2010 payment on the Account.

35. The undersigned counsel, appearing with and on behalf of Mr. Grega, argued the claim was time-barred and that the spreadsheet was not admissible evidence.

36. After taking the case under advisement, the conciliation court referee issued a judgment in favor of Mr. Grega that same day.

37. Defendants' actions and inaction in this matter have caused Plaintiff, Mr. Grega, to have the disposition of the Account hanging over his head for a completely unreasonable and unacceptable period of time.

38. Plaintiff has suffered anxiety, frustration, confusion, and embarrassment as a result of Defendants' actions.

### Specific Claims

Count I– Violation of Fair Debt Collection 15 U.S.C. § 1692 *et. seq.*

39. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

40. The aforementioned conduct includes multiple and numerous violations of the Fair Debt Collection Practices Act by Defendants including, but not limited to, violations of 15 U.S.C. §§ 1692e(2)(a), 1692e(5), 1692e(10), and 1692f(1).

## Jury Demand

41. Plaintiff hereby demands a trial by jury.

## Prayer for Relief

WHEREFORE, Plaintiff, by and through his attorney, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendants as follows:

    a. All actual compensatory damages suffered;

    b. Statutory damages;

    c. Reasonable attorney's fees, litigation expenses, and cost of suit; and

    d. Any other relief deemed appropriate by this Honorable Court.

Dated: March 10, 2016

Respectfully Submitted,

MADGETT & PETERSON, LLC

By: _/s/ R. D. P._
Ryan D. Peterson (#0389607)
David J.S. Madgett (#03900494)
619 South Tenth Street
Suite 301
Minneapolis, MN 55404

(612) 367-6568
rpeterson@madgettlaw.com
dmadgett@madgettlaw.com

ATTORNEYS FOR PLAINTIFF

**Acknowledgement**

Plaintiff acknowledges that, pursuant to Minn. Stat. Sec. 549.21 sub. 2, the Court in its discretion may award costs, disbursements, reasonable attorney's fees and witness fees to the parties against whom costs, disbursements, reasonable attorney's fees and witness fees were charged in bad faith.

Dated: March 10, 2016           By: _____
                                Ryan D. Peterson
                                David J.S. Madgett
                                ATTORNEYS FOR PLAINTIFFS

7