# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Daniel J. Grega,

        Plaintiff,

vs.

Gurstel Chargo, P.A.

NRS Capital, LLC,

Corbin C. Smith,

Andrew Wold,

        Defendants.

CASE: 16-CV-00975 (ADM/JSM)

**AMENDED ANSWER TO COMPLAINT**

TO: DEFENDANT, THROUGH HIS ATTORNEY, RYAN D. PETERSON, MADGETT & CHAN, 619 SOUTH TENTH STREET, SUITE 301, MINNEAPOLIS, MN 55404.

Defendants hereby Answer the Plaintiff's Complaint as follows:

## INTRODUCTION

1. Paragraph 1 of the Complaint is denied.

## STATEMENT OF JURISDICTION

2. In response to paragraph 2 of the Complaint, Defendants have sought removal of this matter from to federal jurisdiction. *See* Notice of Removal.

**VENUE**

3. In response to paragraph 3 of the Complaint, Defendants have sought removal of this matter from to federal jurisdiction. *See* Notice of Removal.

**PARTIES**

4. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 4 of the Complaint. To the extent Paragraph 4 contains a factual allegation, it is denied.

5. Defendant Gurstel Chargo, P.A. refers to its Rule 7.1 Disclosure Statement. All other Defendants defer to Gurstel Chargo, P.A.'s response to paragraph 5.

6. Defendant NRS Capital, LLC refers to its Rule 7.1 Disclosure Statement. All other Defendants defer to NRS Capital, LLC's response to paragraph 6.

7. Defendant Corbin Smith admits that she is an attorney employed at Gurstel Chargo, P.A. and represented NRS Capital, LLC. Any other factual allegations contained in paragraph 7 of the Complaint are denied. All other Defendants defer to Defendant Corbin Smith's response to paragraph 7 of the Complaint.

8. Defendant Andrew Wold admits that he was an attorney employed at Gurstel Chargo, P.A. and represented NRS Capital, LLC.

Any other factual allegations contained in paragraph 8 of the Complaint are denied. All other Defendants defer to Defendant Andrew Wold's response to paragraph 8 of the Complaint.

9.   Paragraph 9 of the Complaint is admitted.

10.  Defendants do not admit or deny allegations contained in Paragraph 10 of Plaintiff's Complaint as it calls for a legal conclusion. To the extent Paragraph 10 contains a factual allegation, it is denied.

11.  Defendants do not admit or deny allegations contained in Paragraph 11 of Plaintiff's Complaint as it calls for a legal conclusion. To the extent Paragraph 11 contains a factual allegation, it is denied.

12.  Defendants do not admit or deny allegations contained in Paragraph 12 of Plaintiff's Complaint as it calls for a legal conclusion. To the extent Paragraph 12 contains a factual allegation, it is denied.

13.  Paragraph 13 of the Complaint is admitted.

14.  Paragraph 14 of the Complaint is denied.

15.  Paragraph 15 of the Complaint is admitted.

16.  Defendants admit that Defendant NRS Capital LLC retained Defendant Gurstel Chargo, P.A. to represent it regarding this account. To the extent Paragraph 16 contains a factual allegations, they are denied.

17. Defendants admit that Defendants commenced a lawsuit against Plaintiff. To the extent Paragraph 17 contains additional factual allegations, they are denied.

18. Defendants admit an Answer was received in response to the Complaint. Any other factual allegations contained in Paragraph 18 are denied.

19. Paragraph 19 of the Complaint is denied.

20. Defendants admit the suit was filed with Hennepin County District Court. Any other factual allegations contained in Paragraph 20 are denied.

21. Paragraph 21 of the Complaint is denied.

22. Defendants admit the suit was dismissed without prejudice. Any other factual allegations contained in Paragraph 22 are denied.

23. Paragraph 23 of the Complaint is denied.

24. Defendants admit a Statement of Claim and Summons was filed with the Hennepin County Conciliation Court. To the extent Paragraph 24 contains additional factual allegations, they are denied.

25. Paragraph 25 of the Complaint is denied.

26. Defendants admit conversations occurred. Any other factual allegations contained in Paragraph 26 are denied.

27. Paragraph 27 of the Complaint is admitted.

28. Paragraph 28 of the Complaint is denied.

29. Paragraph 29 of the Complaint is denied.

30. Paragraph 30 of the Complaint is denied.

31. Paragraph 31 of the Complaint is denied.

32. Paragraph 32 of the Complaint is denied.

33. Defendants admit that a hearing occurred on or about January 20, 2016. Any other factual allegations contained in Paragraph 33 are denied.

34. Defendants admit Mr. Wold provided business records showing evidence of a payment made in 2010. Any other factual allegations contained in Paragraph 34 are denied.

35. Paragraph 35 of the Complaint is admitted.

36. Defendants admit that an Order for Judgment on Claim and/or Counterclaim was entered on January 20, 2016. Defendants would defer to the Order for Judgment on Claim and/or Counterclaim for its content. Any other factual allegations contained in Paragraph 36 are denied.

37. Paragraph 37 of the Complaint is denied.

38. Paragraph 38 of the Complaint is denied.

## Specific Claims

### Count I – Violation of Fair Debt Collection 15 U.S.C. § 1692 *et. seq.*

39. Defendants hereby incorporate by reference all preceding paragraphs responding to the Complaint as though fully stated herein.

40. Paragraph 40 of the Complaint is denied.

41. No response to Paragraph 41 of the Complaint is necessary.

## Prayer for Relief

42. Answering the Prayer for Relief, Defendant denies that Plaintiff is entitled to any relief whatsoever, including actual damages, statutory and punitive damages, costs and attorney's fees.

## ADDITIONAL AND AFFIRMATIVE DEFENSES

1. Defendants assert that if any violations of the FDCPA did occur that such violations were unintentional, and they occurred as a result of a *bona fide* error, notwithstanding the maintenance of procedures reasonably adapted to avoid and prevent the alleged violations. Defendants therefore are entitled to the defense provided by 15 U.S.C. § 1692k(c). Defendants affirmatively state there were policies and procedures in place reasonably adapted to avoid and/or prevent the alleged violations, including, but not limited to, a Standard Operating Procedure for Minnesota Attorney Review. This policy outlines the

requirements of the attorney review of a conciliation court lawsuit. This policy was written and established by Defendant Gurstel Chargo, P.A.'s management and is provided to applicable attorneys upon their hire at the firm. This policy outlines that review and attestation regarding multiple things, including the review of the applicable statute of limitations, is necessary before approval and execution of a conciliation court lawsuit. Further, attorneys are trained and certified by testing on the applicable conciliation court processes. Thus, although the alleged violation for bringing a lawsuit after the applicable statute of limitations is disputed, any violation would have been the result of an unintentional *bona fide* error.

2. Plaintiff has judicially admitted that a judgment was entered in favor of Plaintiff. Plaintiff's claims in this action are barred by the doctrines of *res judicata* and collateral estoppel.

3. Defendants specially deny that Plaintiff has suffered any actual damages; however, if such damages do exist, Defendants asserts that such actual damage claims are subject to the defense of failure to mitigate.

4. Defendants deny that Plaintiff is entitled to or should recover statutory damages in any amount. *See Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA,* 130 S. Ct. 1605, 176 L.Ed.2d 519 (2010).

5.	Defendants assert that an award of statutory damages in the absence of actual damages would exceed the limits of Constitutional due process.  *See, e.g., State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 123 S. Ct. 1513, 155 L. Ed. 2d 585 (2003) and *BMW of N. Am. v. Gore*, 517 U.S. 559, 116 S. Ct. 1589, 134 L. Ed. 2d 809 (1996).

6.	Defendants assert that Plaintiff has failed to state a claim upon which relief can be granted.

7.	Defendants assert any alleged representations were not false, deceptive or misleading in accordance with *Hemmingson v. Messerli & Kramer, P.A.*, 674 F.3d 814 (8th Cir. 2012).

8.	Plaintiff's claims are barred as the action was not time barred by the applicable statute of limitations.

WHEREFORE, Defendant prays that:

1.	Plaintiff take nothing in this case and that it be awarded its costs together with all such other and further relief as to which it may be justly entitled.

2.	That judgment be entered against Plaintiff and in favor of Defendants;

3.	That Defendants be awarded their costs incurred in this action, including, where applicable under the law, its reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3).

    4.    That this Court grant such other relief as the Court deems just and proper.

Dated: May 9, 2016        GURSTEL CHARGO, P.A.

        By: *s/ Amy M. Goltz*
           Amy M. Goltz (#336452)
           Attorney for Defendant
           Gurstel Chargo, P.A.
           6681 Country Club Dr.
           Golden Valley, MN 55427
           (763) 267-6700